[No. 12471.  In Bank.—June 1, 1889.]

HENRY BAKER ET AL., RESPONDENTS, v. JOHN DUCKER ET AL., APPELLANTS.

CORPORATION — RELIGIOUS SOCIETY — REFORMED CHURCH OF STOCKTON — FRAUDULENT CHANGE OF DENOMINATION — ACTION BY MEMBERS — PLEADING. — In an action to recover for the use of members of the First Reformed Church of the City of Stockton a lot of land with the dwelling-house thereon, which was purchased and formerly used as a parsonage of the church, a complaint stating in substance that the plaintiffs and their associates, for whose benefit the action is also prosecuted, are a religious society in full membership with a national religious society known as the Reformed Church in the United States; that they were organized for the purpose of teaching the gospel according to the particular tenets of that church, as embodied in the Heidelberg Catechism, and were duly incorporated, under the name of the First Reformed Church of the City of Stockton; that the said corporation purchased the property with donated funds for a residence for its pastors, and for no other purpose; and that the defendants had fraudulently conspired to change the name of said corporation to that of the First German Evangelical Lutheran Zion Society of Stockton, for the purpose of repudiating the tenets of said Reformed Church, and of diverting the property from the use to which it was dedicated, for the support of the Lutheran Church, which has a different doctrine, different church government, and different laws from those of the Reformed Church, and that defendants are now holding and using the same, as trustees of said Lutheran Church, as a residence for the pastors of said Lutheran Church, — states a cause of action, and is not indefinite and uncertain in not stating particularly wherein the doctrinal standards of the two churches differ.

ID. — PARTIES — SUING FOR BENEFIT OF MANY. — The complaint in such action averring that plaintiffs, together with a large number of other persons, are associated together for religious purposes, and are members of

the First Reformed Church of the City of Stockton, and that they prose-cute the action for all the members of the church as well as themselves, shows the question to be one of common or general interest of many persons, and that the action was authorized by section 382 of the Code of Civil Procedure.

ID. — EVIDENCE — CHURCH CONSTITUTION AND BY-LAWS. — When, in such action, it appears from the evidence that the original constitution and by-laws of the First Reformed Church were written by the minister thereof in its record-book, and that the church had always acted on them and considered them as its constitution and by-laws, they are admissible in evidence, without proof of any direct vote of the congregation adopting them.

ID. — EVIDENCE — RELIGIOUS BELIEF OF INDIVIDUAL MEMBERS AND CONTRIBUTORS. — In such action, evidence that certain individual members of the Reformed Church were Lutherans in their religious belief, and that many Lutherans had contributed money for the purchase of the parsonage, is properly excluded as irrelevant and immaterial; it appearing that the subscription was made for a parsonage for the Reformed Church, and that the deed of the property was made thereto, whereby the property was dedicated to the use of that church.

ID. — CHANGE OF DENOMINATION OF CHURCH BY ORDER OF COURT — POWER OF MAJORITY. — When property is held by a religious society in trust for its members, none of the members, though they constitute a majority, have any right or power to divert the property to the use of another and different church organization; and the fact that they procure a change of the name of the corporation by order of court cannot aid them in such diversion.

APPEAL from a judgment of the Superior Court of the county of San Joaquin, and from an order denying a new trial.

The defendants were sued as trustees of the German Lutheran Zion Society, a corporation, and the complaint, in addition to the facts stated in the opinion, set out that the plaintiffs, and those with whom they are associated, and for whose benefit the action is prosecuted, "are a body of Christians who receive the Heidelberg Catechism as its doctrinal standard," and particularly described the constitution, government, and general tenets of the Reformed Church in the United States. It further averred that five of the defendants were, at the time of the change of the corporate name, February 27, 1882, together with two other persons, the then acting

trustees of the First Reformed Church of the City of
Stockton; and that said trustees had falsely represented,
in their petition for a change of the name of the church,
that it had no connection with any synod, conference,
session, or other organization, and is under the jurisdic-
tion of no other ecclesiastical body whatever, and is gov-
erned solely by its board of trustees and its members;
that the contrary was the truth; and that said applica-
tion was made without the knowledge, acquiescence, or
consent of the Reformed Church in the United States.
"And plaintiffs further aver that from the date of said
change of name by said court, the defendants, and others
with whom they have associated, have formed a new,
separate, and distinct religious society, which teaches a
different doctrine, and has different church government,
and a different constitution, and different laws, rules, and
regulations, from those of the Reformed Church in the
United States, and from those that were taught by the
First Reformed Church of the City of Stockton prior to
said change of ·name aforesaid; that the doctrine of
said trustees and others with whom they are now asso-
ciated is the doctrine known and commonly called the
Lutheran doctrine; and defendants, and all with whom
they have associated themselves, since said change
of name, have accepted and adopted said Luthern doc-
trine as the doctrine of said First German Evangelical
Lutheran Zion Society; have erected a new church edi-
fice, and have formed a new congregation, consisting of
persons who do not receive the Heidelberg Catechism as
their doctrinal standard; have employed preachers to
preach to said new congregation the doctrine of the
Lutheran church aforesaid, who conduct worship ac-
cording to the forms of church government of the Lu-
theran church aforesaid. And plaintiffs further aver that
the defendants, trustees aforesaid, have ever since the
change of name of said corporation, and do now, divert

said lot number 13, in block number 84, from the use of the same as a parsonage for the ministers of the congregation of said Reformed Church, and have deprived the congregation of the Reformed Church of the use of the same, and have ever since said time used the said property, and the rents and profits thereof, for the benefit of said Lutheran Church and congregation, and have since the —— day of ——, 1884, been using the same as a parsonage for the residence of the ministers and the pastors of said Lutheran Church and congregation. And plaintiffs further aver that they prosecute this action for all the members of the congregation of the First Reformed Church of the City of Stockton as well as for themselves. Wherefore, plaintiffs pray that this court order, adjudge, and decree that the defendants, trustees of the First German Evangelical Lutheran Zion Society, hold said lot number 13, in block number 84, as hereinbefore described, in trust for the use of the First Reformed Church of the City of Stockton, and that they surrender the possession of said property to them, to be used as a parsonage and residence of the ministers of said church, and that they account to plaintiffs, or such other persons as the court may appoint, for the rents of said property. And that the order of said superior court, thereupon had in changing the name of said corporation from the First Reformed Church of the City of Stockton to that of the First German Evangelical Lutheran Zion Society of Stockton, be declared a fraud upon and against the rights of plaintiffs and the other members of the congregation of the First Reformed Church aforesaid, and that said action be declared null and void, and set aside; and that the name of said corporation stand the same as if no such proceedings had ever been taken, and said order for such change of name had never been made or granted, and for costs of suit, and all other proper relief." Further facts are stated in the opinion.

*Joseph H. Budd*, for Appellants.

The plaintiffs have not legal capacity to sue. The complaint shows that the corporation of which defendants are trustees is the identical corporation incorporated by the name of the First Reformed Church of the City of Stockton, and it is not alleged that plaintiffs are trustees of any religious association. The complaint does not allege that the action is of common or general interest to many persons, nor that it is impracticable to bring all such persons before the court. The complaint is indefinite and uncertain in not stating the contents of the Heidelberg Catechism, nor what is the doctrinal standard of the Lutheran Church, or the form of government of the Reformed Church or of the Lutheran Church. The court cannot take judicial notice of these things, and the facts should be specially pleaded, the rule of pleading not having been altered by the code in this respect. (*Dutch Flat W. Co.* v. *Mooney*, 12 Cal. 534; *Rhoda* v. *Alameda Co.*, 52 Cal. 350; *Esmond* v. *Chew*, 15 Cal. 143.) The constitution and by-laws drawn up by Mr. Fox were improperly admitted in evidence, having never been adopted by vote or act of the congregation. There is no evidence of any actual connection with or representation in the Reformed Church in the United States. The change of name was by a court having jurisdiction, and was conclusive. (Code Civ. Proc., secs. 1275 et seq., 1908.) The court should have admitted evidence of the religious beliefs of the members of the First Reformed Church and of the contributors to the parsonage. (Code Civ. Proc., sec. 1860; *Pico* v. *Coleman*, 47 Cal. 67; *Saunders* v. *Clark*, 29 Cal. 304; *Dean* v. *Bassett*, 57 Cal. 640; *Billings* v. *Morrow*, 7 Cal. 171; *Robertson* v. *Bullions*, 11 N. Y. 243.) According to the provisions of our Civil Code, the majority of the members of a corporation must control. (Civ. Code, secs. 307, 594; *Burrell* v. *Associated Reformed Church*, 44 Barb. 282; *Robertson* v. *Bullions*, 11 N. Y. 243;

*Tooker* v. *Petty*, 29 Barb. 256; *Miller* v. *Gable*, 2 Denio, 492; *Gram* v. *Prussia etc. Society*, 36 N. Y. 161; *Sannon* v. *Frost*, 3 B. Mon. 253; *Smith* v. *Nelson*, 18 Vt. 511.)

*J. C. Campbell*, and *C. H. Clement*, for Respondents.

When there is a breach of trust, and the property rights of a religious association are involved, the courts are bound to interfere. (*Watson* v. *Jones*, 13 Wall. 679; 28 Alb. L. J. 395, and cases cited.) The members sue as beneficiaries to enforce the trust, the defendants, as their trustees, having been guilty of a breach of trust. (Civ. Code, secs. 863, 2230–2232.) Part may sue for benefit of all. (Code Civ. Proc., sec. 382.) The complaint states facts showing a common interest. (*Ludlow* v. *Higby*, 11 N. J. Eq. 347; Civ. Code, sec. 683.) Where a common interest appears, it is not necessary to allege that it is impracticable to bring all parties before the court. (Pomeroy's Rights and Remedies, sec. 391.) It is sufficient that the doctrines and constitution of the Reformed Church and Lutheran Church are different, and the points of distinction are immaterial. Trust property cannot be devoted to a different use from that intended. (2 Pomeroy's Eq. Jur., sec. 1062; *Kniskern* v. *Lutheran Churches*, 1 Sand. Ch. 502; *Kulinski* v. *Dambrowski*, 29 Wis. 115; *O'Halloran* v. *Fitzgerald*, 71 Ill. 53; *Roberts* v. *Mosley*, 64 Mo. 507; *Vose* v. *Trustees etc.*, 2 Woods, 647; *Hill* v. *Den*, 54 Cal. 6; *Eels* v. *Martin*, 69 Ind. 114; *Bowman* v. *Pinkham*, 71 Me. 295; *In re Lewis*, 81 N. Y. 421; *James* v. *Cowing*, 82 N. Y. 449; *Sharp* v. *Goodwin*, 51 Cal. 219; *Gable* v. *Miller*, 10 Paige, 627; *Carver's Appeal*, 81 Pa. St. 185; *Cammeyer* v. *Lutheran Church*, 4 Edw. Ch. 223; *Trustees etc.* v. *Stewart*, 43 Ill. 81; *Hale* v. *Everett*, 53 N. H. 9; *Schirror's Appeal*, 67 Pa. St. 138; 5 Am. Rep. 415; *Roschis's Appeal*, 69 Pa. St. 342; 8 Am. Rep. 275; *White Lick Quarterly Meeting* v. *Same*, 83 Ind. 36; *Brown* v. *Munroe*, 80 Ky. 443; Green's Brice's Ultra Vires, 52, 58.) The constitution and by-

laws in the record-book given in evidence purport to have been adopted June 12, 1870, and the evidence shows conclusively that they were the constitution and by-laws of the church.

BELCHER, C. C.—This is an action to recover for the use of the members of the First Reformed Church of the City of Stockton a lot of land with the dwelling-house thereon, which is situate in the city of Stockton, and was purchased and formerly used as a parsonage for the church. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action; that it was indefinite and uncertain in certain specified particulars; and that the plaintiffs had not legal capacity to sue and maintain the action. The demurrer was overruled, and thereupon the defendants answered. The findings and judgment were in favor of plaintiffs, and the appeal was taken by defendants from the judgment and order denying them a new trial.

The first question to be considered is as to the sufficiency of the complaint. The complaint is very long, but it states, in substance, that the plaintiffs and those with whom they are associated, and for whose benefit the action is also prosecuted, are a religious society in full membership with a national religious society known as the Reformed Church in the United States; that they were organized for the purpose of teaching the Gospel according to the particular form of worship, rules of government, discipline, and doctrines of that church, and after such organization they were duly incorporated under the name of the First Reformed Church of the City of Stockton; that the corporation purchased the property in controversy with funds donated by its members and by the public for the purpose of using it as a residence for its pastors, and for no other or different purpose whatever; that the defendants for fraudu-

lent purposes procured the name of the corporation to be changed, and thereafter diverted the property from the use for which it was purchased and originally intended

1. Assuming, as we must on demurrer, that all facts stated are true, we think the complaint states a cause of action.

2. We do not think the complaint indefinite and uncertain in any important particular. The plaintiffs accepted the doctrinal standard contained in the Heidelberg Catechism and the defendants that of the Lutheran Church. These doctrinal standards are alleged to be different, but we can see no necessity for stating particularly what they were and wherein they differed.

3. The plaintiffs aver that they, together with a large number of other persons, are associated together for religious purposes, and are members of the First Reformed Church of the City of Stockton, and that they prosecute the action for all the members of the church as well as themselves. This shows the question to be one of a common or general interest of many persons, and that the action was authorized by section 382 of the Code of Civil Procedure.

It is argued for appellants that the court erred in admitting in evidence the constitution and by-laws of the First Reformed Church of the City of Stockton, and in support of this argument it is said that they were never adopted by any vote or act of the congregation.

The congregation was organized in 1870, and the paper offered in evidence was headed: " Constitution and By-laws of the First Reformed Church of Stockton, adopted the 12th of June, 1870." One of the defendants, Louis Tschiersky, was a witness, and on being shown the book containing the writings objected to, testified: "This which you now show me in the book are the constitution and by-laws of the Reformed Church, —of our church here in Stockton. I do not know of

any other constitution or by-laws for that church."
Another witness, Schimelpfenig, on being shown the
same book, testified: "I was the first secretary of the
church here. That book is one of the books of the First
Reformed Church. The constitution was written by Mr.
Fox, the minister; we always took it for the constitution
and by-laws of our church. They always acted on them
and considered them as such. I do not know of any
direct vote of the congregation adopting them, but they
have always been the constitution and by-laws of the
church since it was organized until the present day."

In view of the foregoing testimony, we see no error in
the ruling complained of.

It is also urged that the court erred in excluding evi-
dence offered by defendants to show that some of the
persons who were members of the society when it was
organized, and took part in having it incorporated, and
many of those who contributed money for the purchase
of the parsonage, were at the time Lutherans in their
religious belief.

The objection was, that the evidence was irrelevant
and immaterial, and we are unable to see how it was
relevant to any issue in the case. The society was or-
ganized and incorporated as a "Reformed Church." Its
articles of incorporation show that its purpose was "to
provide its members with the preaching of the Gospel,
the administration of the sacraments, and the other
means of grace in accordance with the confessions of
faith known as the Heidelberg Catechism," and that it
adopted the doctrine and discipline of the Reformed
Church in the United States. The subscription list by
which all the money was raised to purchase the parson-
age was headed: "We, the undersigned, obligate our-
selves to pay the sums which we have written opposite
our respective names for the erection of a parsonage for
the First Reformed Congregation of Stockton." And the

deed of the property was made to the Reformed Church of the City of Stockton.

This being so, the property was dedicated to the use of the church for which it was purchased, and it was a matter of no consequence whether some of the church members and some of the persons who contributed money to make the purchase were Lutherans or not.

Stress is laid upon the fact that the name of the corporation was changed by an order of court, and that eleven of its members signed the paper asking for the change. But it does not appear that the eleven were a majority of the members of the church, nor, if it had so appeared, do we see how appellants would have been aided thereby. Defendant Tscheirsky testified: "When we made the application for a change of name, it was to change the church into an independent Lutheran Church, and adopt the Lutheran doctrine." And the court found that the application was made "with the intent and for the purpose of depriving said congregation of the benefit of their corporate franchise, and of changing the original purpose and intent for which the same was organized, and of depriving said Reformed Church and the congregation thereof of the use and benefit of their property herein described, and for the purpose of diverting all of said property of said corporation from the use to which it was dedicated by said corporation and by the members of said congregation, and from the purposes for which the funds were subscribed with which to purchase the said property."

It is thus made clear that the property in question was held by the Reformed Church in trust for its members, and the defendants, even though they constituted a majority of the members, had no right and no power to divert it to the use of another and different church organization. (*Kniskern* v. *Lutheran Churches*, 1 Sand. Ch. 439; *Schnorr's Appeal*, 67 Pa. St. 138; *Roshi's Appeal*, 69 Pa. St. 462; *Watson* v. *Jones*, 13 Wall. 679.)

The other points discussed by counsel do not require special notice. Looking at the whole record, we find nothing calling for a reversal of the judgment, and we therefore advise that the judgment and order be affirmed.

FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., did not participate in the decision of this cause.