[Civil No. 1164.   Filed March 25, 1911.]

[114 Pac. 558.]

## THE ARIZONA POWER COMPANY, a Corporation, Defendant and Appellant, v. RACINE–SATTLEY COMPANY, a Corporation, Plaintiff and Appellee.

1. SALES—DELAY IN DELIVERY—DAMAGES.—A delay of fifteen days in delivering wagons sold for freighting purposes will not warrant damages suffered through the increased cost of hauling the freight, in the absence of a showing that facts were brought to the seller's attention which would have put him on notice that such damages might result from changed hauling conditions.

2. TRIAL—INSTRUCTIONS—REQUESTS.—Where, in an action for the price of wagons sold, defendant claimed damages for delay in delivery, and requested instructions on substantial damages, but none on nominal damages, there was no error in not submitting the issue of nominal damages.

3. APPEAL AND ERROR—PRESENTATION OF GROUNDS OF REVIEW—THEORY OF TRIAL.—An assignment presenting a different theory of the case than that presented on the trial will not be considered on appeal.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for Yavapai County. Edward M. Doe, Judge. Affirmed.

The facts are stated in the opinion.

Le Roy Anderson, for Appellant.

Under our law it is the duty of the supreme court, where the evidence fails to support the judgment, to reverse the case. *Miller* v. *Hopkins*, 2 Ariz. 213, 73 Pac. 1130; *Charouleau* v. *Charouleau*, 5 Ariz. 192, 50 Pac. 112. And to enable the appellate court to affirm a judgment of the lower court in favor of a plaintiff therein, the record must disclose some positive affirmative evidence in support thereof. *Stoffelo* v. *Molina*, 8 Ariz. 211, 71 Pac. 912. Where the construction of a contract is in doubt, the construction which the parties have placed thereon during the course of its execution may be applied, and the parties to said contract are bound by the interpretation which they themselves gave the contract. "In an action to recover damages for breach of contract, even

though no actual damages are proven, but a breach of the contract is established, the plaintiff is entitled to a judgment for nominal damages and costs." *Browner* v. *Davis,* 15 Cal. 9; *Hancock* v. *Hubbel,* 71 Cal. 537, 12 Pac. 618. The court was clearly in error in refusing to allow us to prove the damages relative to the extra cost of hauling freight and in refusing to allow evidence offered by us in support of our allegations relative thereto. "The damages which one party to a contract ought to recover in respect to a breach of it by the other are such as arise in the natural course of things from the breach itself, or such as may reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach; in other words, when two parties have made a contract which has been broken, the damages to be received for the breach should be such as may fairly and reasonably be considered as arising naturally therefrom, that is, according to the usual course or business, or such as may reasonably be supposed to have been in the contemplation of both parties at the time that the contract was made, and as a probable result of its breach." 13 Cyc. 32–34. This evidence was admissible. *McKenzie* v. *Mitchell,* 123 Ga. 72, 51 S. E. 34; *National Surety Co.* v. *Townsend Brick Co.,* 176 Ill. 156, 52 N. E. 938; *Hammond* v. *Beeson,* 112 Mo. 190, 20 S. W. 474; *Modern Steel Structural Co.* v. *English Construction Co.,* 129 Wis. 31, 108 N. W. 70.

Norris, Ross & Smith, for Appellee.

The right to nominal damages is asserted upon the basis of an assumed breach of contract. The jury has found that there was no breach of contract on the part of appellee. "When several issues are submitted and a general verdict is rendered, the legal inference is that all the issues have been found in favor of the prevailing party." 22 Pl. & Pr. 872; *Glenn* v. *Sumner,* 132 U. S. 156, 10 Sup. Ct. 41, 33 L. Ed. 301; *Torrence* v. *Strong,* 4 Or. 39. It being determined that appellee had committed no breach of its contract, appellant could not have recovered any damages whatever, and any erroneous ruling by the trial court on the question of damages would necessarily be harmless. The cross-complaint does not even impliedly suggest that when appellee contracted to ship these

wagons it had notice of any fact or circumstance from which it might have concluded, or even suspected, that a delay on its part would probably or even possibly involve appellant in such elements of loss, and no notice or knowledge of the special circumstances in question was given or suggested to appellee.    The question of nominal damages was not presented to the trial court, either on the trial or by motion for new trial, and consequently cannot now be urged.

LEWIS, J.—This is an action of debt for the purchase price of certain wagons.    The defense is breach of contract in the failure to deliver the wagons within the time agreed upon, and a counterclaim for damages therefor.    After a trial before a jury, judgment was entered upon a general verdict in favor of the plaintiffs for the amount claimed, less certain agreed deductions, and for interest and costs.    From the judgment, and the order overruling the motion for new trial, this appeal is prosecuted.

The appellant urges a reversal upon the ground that the verdict and judgment is contrary to and not supported by the evidence in various enumerated particulars.    Without stating the evidence, which could serve no useful purpose, it is sufficient to say that we have examined the record and find that the verdict is clearly supported by the evidence in each particular specified.    This court, therefore, will not disturb the verdict.

Error is also alleged in the refusal of the trial court to admit evidence as to damage resulting from delay in delivery alleged to have been suffered through the increased cost of hauling of freight, for which purpose the wagons had been purchased.    There is no evidence that facts were brought to the attention of the appellee prior to entering into the contract which would have even put it upon notice that such damage might result from a failure to promptly deliver the wagons.    The argument seems to be that the very nature of the specifications for the wagons ordered differing from wagons in stock should have apprised the appellee of the use for which they were intended and of the damage to result from a failure in immediate delivery.    There is no merit in the contention.    That a few days' delay in shipment of wagons for freighting purposes—even fifteen days or more, as appel-

lant contends—should find hauling conditions so changed as to result in increasing the cost of transporting freight is unusual, and not to be anticipated. Such damage is special. The facts must be shown to have been brought to the attention of the seller, and it should reasonably appear that the seller entered into the contract contemplating that his default would probably entail the particular loss claimed before he is to be held responsible therefor. *Globe Ref. Co.* v. *Landa Cotton Oil Co.,* 190 U. S. 540, 23 Sup. Ct. 754, 47 L. Ed. 1171; *Central Trust Co.* v. *Clark,* 92 Fed. 293, 34 C. C. A. 354; *Moffitt-West Drug Co.* v. *Byrd,* 92 Fed. 290, 34 C. C. A. 351.

The defendant and appellant further contend that the trial court erred in failing to submit to the jury the issue of nominal damages. The case was tried upon the theory that the defendant had sustained substantial damage. The appellant made several requests for instructions upon that theory, which were allowed and given. It made no request for an instruction upon an issue of nominal damage. Even were there merit in the assignment, and we are of the opinion that there is none, the defendant having received and retained the wagons, and its only right upon the record being to offset damages sustained by reason of the delay in delivery, we would decline to consider the alleged error, as the record clearly discloses that the assignment presents a theory of the case different from that adopted by both parties and the court upon the trial. *Tevis* v. *Ryan, ante,* p. 282, 108 Pac. 461. As we have just pointed out, the error, if any, is technical. To have submitted the issue would merely have resulted in the reduction of the verdict by a nominal amount, assuming the issue to have been determined in favor of the appellant. Cases cited to the rule that where the issue of nominal damages might result in a verdict for the complaining party and carry costs have no application.

The judgment of the trial court is affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.