[Civil No. 2436.  Filed November 22, 1926.]

[250 Pac. 763.]

L. L. BRITTON and INDEPENDENT CHURCH OF GOD IN CHRIST OF PHOENIX, ARIZONA, a Corporation, Appellants, v. C. J. JACKSON, A. GILL and PERRY MAYO, Trustees of and for CHURCH OF GOD IN CHRIST OF PHOENIX, ARIZONA, an Unincorporated Religious Society, Appellees.

Mr. Henry J. Sullivan and Mr. I. J. Lipsohn, for Appellants.

Mr. Edward E. Ingels, for Appellees.

LOCKWOOD, J.—C. J. Jackson, A. Gill and Perry Mayo, as trustees of and for the "Church of God in Christ of Phoenix, Arizona," an unincorporated religious society, hereinafter called plaintiffs, brought suit against L. L. Britton and "Independent Church of God in Christ of Phoenix, Arizona," a corporation, hereinafter called defendants, for the possession of certain real estate situated in the city of Phoenix. Defendants answered, and the matter was tried before the court sitting without a jury. Findings of fact and conclusions of law were duly made, and thereon the court rendered judgment in favor of plaintiffs, and defendants have appealed to this court.

There are some twelve assignments of error, which we will consider in respect to the issues of law raised thereby in such manner as seems best for the determination of the case. It appears from the findings of fact that some time in the year 1916 a church con-

gregation was organized in the city of Phoenix, known as the "Pilgrims' Mission." Shortly thereafter this congregation changed its name to "Church of God in Christ of Phoenix, Arizona," it being at the time an unincorporated religious society. It had various pastors from its organization up to the year 1920, some of whom were mere *locum tenens* and members of the local congregation, and others were sent to it under the rules of discipline of a certain nation-wide organization known as "Church of God in Christ," with headquarters in Memphis, Tennessee. Among the pastors so received by the local church from the general church was the defendant Britton.

The congregation being desirous of having a permanent home, Nelson Green and Aggie Green on April 26, 1920, deeded the premises involved in this action, of which they were then the unquestioned owners, to "Church of God in Christ of Phoenix, Arizona," which deed was duly recorded, and the congregation above referred to, with subscriptions and donations from themselves and the general public, built a church building on the land, together with the other improvements incident to such an edifice.

In December, 1922, one J. W. Taylor was duly appointed by the board of elders of the general church above referred to, in strict conformity with its rules of discipline, as the pastor of the local church in Phoenix, and successor of the defendant Britton, and came to Phoenix to take charge of the pastorate. The latter refused to turn over the church property to Taylor, whereupon a division or split occurred in the congregation, some of the members adhering to Britton and others to Taylor. Britton and his adherents retained possession of the premises in question, while Taylor and his supporters were excluded therefrom and compelled to worship elsewhere at such temporary quarters as they could obtain from

time to time. On or about December 19, 1922, Britton and his faction renamed themselves "Independent Church of God in Christ of Phoenix, Arizona," as an unincorporated religious society, and on the 5th of June, 1924, incorporated with the same name under the laws of the state of Arizona. After their adoption of the new name in December, 1922, a deed was executed from James A. Lewis, Robert Kinch and William Johnson, as grantors, to "Independent Church of God in Christ of Phoenix, Arizona." On April 24, 1924, Taylor and his supporters, being advised that the original deed from the Greens was invalid, for the reason that the grantee named therein was not legally capable of receiving title, secured another deed from the Greens, who were still the holders of the legal title of the property, to C. J. Jackson, A. Gill and Perry Mayo, the plaintiffs herein, as trustees for the "Church of God in Christ of Phoenix, Arizona." On June 5th of the same year Britton and his adherents caused to be executed a deed covering the same premises with the grantor recited therein as "Independent Church of God in Christ of Phoenix, Arizona, an unincorporated religious society," and the grantee as "Independent Church of God in Christ of Phoenix, Arizona, a corporation."

There can be no question but that the findings of fact, the substance of which we have set forth, are supported by competent evidence, and therefore under our familiar rule we are bound to assume them to be true. *Kilbourn* v. *Marshall*, 24 Ariz. 63, 206 Pac. 785; *Thomas* v. *Newcomb*, 26 Ariz. 47, 221 Pac. 226. The court, however, in addition to those summarized above, made one finding which is conclusive of the case if it is allowed to stand, and it is around it that the real controversy, both in the trial court and in this tribunal, turned and turns. It is as follows:

"12. That the unincorporated Independent Church of God in Christ of Phoenix, Arizona, formed by defendant L. L. Britton and his adherents on or about December 19th, 1922, and later on incorporated under the same name on June 5th, 1924, under the laws of the state of Arizona, has at no time, nor does it now, adhere to the doctrines and usages and practices of the Church of God in Christ of Phoenix, Arizona, as they existed and were practiced at the time the property of the Church of God in Christ of Phoenix, Arizona, was acquired, and under which the Church of God in Christ of Phoenix, Arizona, has always, and does now, exist and function as a religious organization; but that the Independent Church of God in Christ of Phoenix, Arizona, has departed from the doctrines, practices, and usages and intentions of the congregation of the Church of God in Christ of Phoenix, Arizona, at the time said church congregation was organized and its property acquired and under which the said congregation exists and functions as a church organization."

We have examined the abstract of record carefully. The testimony is in some conflict, and we do not think it necessary to quote from it at length. We are of the opinion, however, that, taking it as a whole, it shows clearly at the time the original deed was made by the Greens, and at the time the subscriptions for the building were obtained and it was erected, the local Church of God in Christ had affiliated itself with the national organization having headquarters in Memphis, Tennessee, and that the local church accepted and followed the doctrines and discipline of the Memphis organization. It appears fully one of the rules of discipline of that church was that the local pastors should be appointed and removed by the annual convocation in Memphis, and defendant Britton himself came to the local church and was accepted by it by and through such an appointment. It also appears Taylor was appointed as Britton's

successor in the local pastorate by the same organization which had originally appointed Britton, but that the latter refused to recognize Taylor's appointment; together with his adherents changed the name of the local church, first as an unincorporated and then as an incorporated religious association, from that which it had adopted at the time the building was erected, and testified at the trial of this case in response to the question:

"Elder Britton, the Independent Church of God in Christ—was there a difference in the doctrines of that church and the Church of God in Christ?"

"Well, the principal doctrines of that church were founded simply on the gospel of Christ just the same as any other church, but as far as the rules and regulations of the Independent Church of God in Christ are concerned, it would have independent rules; *we don't go under the rules of the Church of God in Christ.* There are some points of doctrine wherein we don't agree alike."

It does not appear specifically from the record just what the differences are in doctrine, but it does appear affirmatively there is one vital difference in discipline. The Church of God in Christ as organized at the time of the erection of the building accepted its pastors from the Memphis convocation. The Independent Church of God in Christ which is defendant herein, refused to accept a pastor from such convocation, and the split arose over this very refusal. We are therefore of the opinion that finding No. 12 above quoted is supported by the evidence, and that the defendant corporation has departed in at least one specific and vital point of discipline from the usages and practices of the organization which originally built the church.

It is unquestionably the rule of law that the constituted authorities or the majority of a local

church who change its doctrines and discipline by abandoning the old faith, either by becoming independent or uniting with another denomination, cannot take with them the trust property of the church, and the right to use such property remains in those who adhere to the original doctrines and discipline, no matter how small in number they may be. *Baker* v. *Ducker,* 79 Cal. 365, 21 Pac. 764; *Bates* v. *Houston,* 66 Ga. 198; *Ferraria* v. *Vasconcellos,* 31 Ill. 25; *Smith* v. *Pedigo,* 145 Ind. 361, 19 L. R. A. 433, 32 L. R. A. 838, 33 N. E. 777, 44 N. E. 363; *First Constitutional Pres. Church* v. *Congregational Soc.,* 23 Iowa, 567; *First Pres. Church* v. *Wilson,* 14 Bush (Ky.), 252; *Mt. Helm Bap. Church* v. *Jones,* 79 Miss. 488, 30 South. 714; *Peace* v. *McGregor First Christian Church,* 20 Tex. Civ. App. 85, 48 S. W. 534; *Finley* v. *Brent,* 87 Va. 103, 11 L. R. A. 214, 12 S. E. 228; *Cape* v. *Plymouth Cong. Church,* 130 Wis. 174, 109 N. W. 928.

The legal title to the church property of course stands in plaintiffs, since the only valid deed from the Greens, who were the holders of the title before 1920, was to them. 34 Cyc. 1149. They hold such title, however, in trust for the true successors and representatives of the Church of God in Christ of Phoenix, Arizona, as it existed at the time the original deed was made by the Greens and the building erected. The only defense which defendants could make against the suit was that they were as a matter of fact the real *cestui qui trusts.* The trial court having found upon sufficient evidence that defendants are not successors of such original church, its judgment for the plaintiffs was correct.

Defendants urge that the findings on the decisive point are wholly outside the issues of the pleadings. Even though this might be technically true, the case was tried on the theory that the real issue was as to

which faction was the true *cestui que trust,* and the parties cannot now contend it was outside the pleadings. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; Id., 233 U. S. 273, 58 L. Ed. 957, 34 Sup. Ct. Rep. 481; *Arizona Power Co.* v. *Racine-Sattley Co.,* 13 Ariz. 283, 114 Pac. 558; 3 C. J. 727, 728. Nor could it aid defendants if the issue were not considered, for in such a case the legal title would prevail. *Brolaskey* v. *McClain,* 61 Pa. 146.

In view of our discussion of the above-named legal principles, it is not necessary for us to pass *seriatim* on the various assignments of error.

The judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.