**PARADISE HILLS CHURCH, INC., Plaintiff,**

v.

**INTERNATIONAL CHURCH OF the FOURSQUARE GOSPEL, Defendant.**

**No. Civ. 78–644 Phx. WPC.**

United States District Court, D. Arizona.

March 7, 1979.

Burton M. Bentley of Bentley, Brandes & Brandes, P. C., Phoenix, Ariz., for plaintiff.

Paul G. Ulrich and Judith E. Sirkis of Lewis & Roca, Phoenix, Ariz., Farrand, Malti, Spillane & Cooper, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

In this action in which the Court's jurisdiction is based upon diversity of citizenship, plaintiff Paradise Hills Church, Inc. ("Paradise Hills Church") and defendant International Church of the Foursquare Gospel ("International Church") each claim exclusive ownership of property hereinafter referred to as the "Valley View Villas Property" which includes both real and personal property and to which the International Church acquired absolute title in November, 1972, and the "Wilson Property" conveyed by J. B. Wilson and Garnet A. Wilson in fee absolute to the International Church in December, 1976. The present dispute arose after the members of the Paradise Hills Foursquare Church withdrew from that church on April 30, 1978 and formed a new church, the plaintiff herein. The Paradise Hills Foursquare Church, unlike the plaintiff, is associated with the International Church.

Paradise Hills Church alleges several theories upon which to award it relief. In Count One the plaintiff seeks to reform the deeds to the Wilson Property based on mutual mistake. As to both the Wilson Property and the Valley View Villas Property, Paradise Hills Church asks that title be quieted in it and that title be transferred to it based on the law of fraud, constructive trust and resulting trust. The plaintiff additionally seeks an equitable accounting and punitive damages for wilful and malicious conduct. Defendant International Church in its counterclaim against the Paradise Hills Church and others requests the ejectment of the plaintiff, damages for conversion, a quiet title declaration as to the Valley View Villas Property and declarations as to its right to the personal property in dispute and the Wilson Property.

The International Church has sought to eliminate plaintiff's claims of ownership of the Valley View Villas Property by moving for summary judgment on Counts Three, Four, Six, and part of Counts Seven, Eight, Nine and Ten of the plaintiff's amended complaint. Paradise Hills Church has responded by moving to continue consideration of the International Church's motion for summary judgment for ninety days as well as by arguing the merits of the motion. The plaintiff has also moved for summary judgment on Count One of its amended complaint.

■ Plaintiff Paradise Hills Church states that it has been inundated with discovery material as a result of this Court's order compelling the International Church to produce evidence pursuant to certain requests for production of documents which might show either the absence or presence of fraud practiced by defendant International Church. *See Paradise Hills Church, Inc. v. International Church of Foursquare Gospel*, No. Civ. 78–644 Phx. (D. Ariz. Jan. 9, 1979). Paradise Hills Church concludes, therefore, that additional time is warranted to pursue every avenue of discovery that might lead to evidence of fraud. However, for there to be fraud, there must be some fraudulent representation made by the defendant to those involved in the transaction to acquire the Valley View Villas Property for the use of a Foursquare church. Paradise Hills Church, however, has identified

no particular misrepresentation made by the International Church with regard to the acquisition of the Valley View Villas Property. Absent a statement or a misleading failure to disclose information, there can be no relief for fraudulent misrepresentation or nondisclosure. *See generally, Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966); Restatement (Second) Torts §§ 525 *et seq.* (1977).

An affidavit of Robert M. Brandes, attorney for the plaintiff, states that he spoke with Reverend and Mrs. Jerry Spencer of Sacramento, California, who stated that Mr. Courtney, an officer of the International Church, taught them that if two-thirds of a Foursquare congregation voted to leave the International Church that they could do so and keep their property. Whatever Mr. Courtney told the Spencers, though, is irrelevant to establishing what representations were made to those involved in the purchase of the Valley View Villas Property and the transfer of title to that property to the International Church.

None of the affidavits of Reverend May states she was taught that a local congregation could leave the International Church upon a vote and take the property that had been used by the local Foursquare church congregation. The deposition of Reverend May quoted by Paradise Hills Church in its supplemental memorandum filed in opposition to the defendant's motion for summary judgment indicates Reverend May had not thought about whether the International Church held property for a local congregation regardless of whether it was a Foursquare congregation, suggesting that there was no representation by the International Church which Reverend May can recall which could imply that members of a local Foursquare church could withdraw from the International Church and take with them the property they had used when members of the local Foursquare church. Furthermore, the basis for Reverend May's belief that a local congregation—presumably a Foursquare congregation—could obtain property used by them upon demand by a certain percentage of the congregation is based on thirty-three years of ministry,

not specific statements made by the International Church in its articles of incorporation or bylaws, or through its officers or agents.

The failure to identify any instance of fraudulent misrepresentation or nondisclosure supported by affidavits of those involved in the transactions to acquire the Valley View Villas Property independent of the discovery to date indicates that additional discovery would not be specifically directed but rather more in the nature of a "fishing expedition" that would not produce relevant evidence of fraud given the discovery that has taken place to date. Thus the motion to continue consideration of the International Church's motion for summary judgment is denied.

Defendant International Church contends in its motion for summary judgment that the International Church of the Foursquare Gospel is a hierarchical church and that neutral principles of law apply which require granting its motion as a matter of law. The International Church is entitled to summary judgment only if being a hierarchical church or applying neutral principles of law constitutes a legally sufficient defense and there is no material factual dispute as to the applicability of the defense. *See generally, Moore's Federal Practice* ¶ 56.17[11] (1976).

The two primary approaches that can constitutionally be used to resolve property disputes between a general, hierarchical church and a local church which is a part of the hierarchical church are identified here as the "deference-to-church-authority" principle and the "neutral principles of law" rule of which the "formal title" doctrine is the primary, if not exclusive, example. Most prior litigation has arisen in the context of title to church property being held by the local church or its agent. The practical effect has been that if civil courts opted for the first approach, property was found to be held for the benefit of the general church or subject to the rules and decisions of the general church. On the other hand, the formal title approach al-

most always produced the opposite outcome of finding ownership of the property in the local church. *See* McKeag, "The Problem of Resolving Property Disputes in Hierarchical Churches," 48 *Pa.B.A.Q.* 281, 286 (1977). *See also* Comment, "The Supreme Court, 1968 Term," 83 *Harv.L.Rev.* 7, 129 (1969). In the instant controversy, however, title is in the general church, and under either approach the outcome is the same—the plaintiff has alleged no legally cognizable basis upon which to premise its claim of ownership of the Valley View Villas Property.

■ The deference-to-church-authority approach to resolving church property disputes requires yielding to the ecclesiastical authority which, according to the rules and regulations of the hierarchical church, decides such matters. *See The Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709, 96 S.Ct. 2372, 2380, 49 L.Ed.2d 151 (1976) ("[T]he First and Fourteenth Amendments mandate that civil courts shall not disturb the decisions of the highest ecclesiastical tribunal within a church of hierarchical polity, but must accept such decisions as binding on them, in their application to the religious issues of doctrine or polity before them."); *Maryland and Virginia Eldership of Churches of God v. Church of God at Sharpsburg, Inc.*, 396 U.S. 367, 369, 90 S.Ct. 499, 500, 24 L.Ed.2d 582 (1970) (Brennan, J., concurring) ("[T]he States may . . . enforce the property decisions made . . . within a church of hierarchical polity by the highest authority that has ruled on the dispute at issue."). The deference-to-church-authority approach, in effect, precludes civil courts from reaching the merits of a property controversy and requires enforcement of the decision rendered by the highest ecclesiastical tribunal of the hierarchical church without regard to the principles or rules of law that might otherwise be employed by a civil court to resolve the property dispute.

■ The typical inquiry under the deference-to-church-authority approach requires determining whether a church has a hierarchical polity, whether the local church is a part of the hierarchical, general church, what the supreme adjudicatory body of the church is, and what the decision of the tribunal is. *See* Comment, 1977 Utah L.Rev. 138, 147. *See also*, Comment, "The Supreme Court, 1968 Term," *supra*, 83 Harv.L.Rev. at 128 ("Under the *Watson* [*v. Jones*, 80 U.S. (13 Wall.) 679, 20 L.Ed. 666 (1871)] line of cases, civil court action is necessarily limited to ascertaining the form of church and the appropriate decision making body.").

■ It is undisputed that the International Church of the Foursquare Gospel is a hierarchical church. It is also not disputed that the Paradise Hills Foursquare Church is a part of the International Church. The bylaws of the International Church show without dispute that the board of directors has the power to dispose of church property and that its authorization concerning the disposition of property of a local church, whether active or inactive, is required. *See* Articles of Incorporation and Bylaws of the International Church of the Foursquare Gospel, Bylaws Art. X, Sec. B, Subsec. (4); Art. XXI, Sec. B, Subsec. (3)–(4) (1977). The board of directors, therefore, is the ultimate decision-making body concerning the disposition of church property. The board of directors of the International Church has made no express determination about the dispute over the Valley View Villas Property. However, for Paradise Hills Church to obtain legal title to the Valley View Villas Property under the deference-to-church-authority approach, it must establish that the board of directors has decided to transfer title to it, or its agents, or that the board has transferred title to the Paradise Hills Foursquare Church and that it is the successor in interest to the Paradise Hills Foursquare Church. The plaintiff has made no allegation that such a decision has been made by the board, nor does there appear to be any basis for inferring such a decision given the posture of the parties in the instant litigation. Thus, under the deference-to-church-authority approach, Paradise Hills Church has no legal basis for claiming ownership of

the Valley View Villas Property and defendant International Church is entitled to summary judgment as a matter of law. *See generally, The Serbian Eastern Orthodox Diocese v. Milivojevich, supra* ; *Lowe v. First Presbyterian Church*, 56 Ill.2d 404, 308 N.E.2d 801 (1974) (civil courts cannot independently determine questions concerning church property that are properly within the sphere of ecclesiastical bodies and the local church that is part of a hierarchical, general church is ordinarily bound by the decisions of the ecclesiastical adjudicatories); *Presbytery of Cimarron v. Westminster Presbyterian Church of Enid*, 515 P.2d 211 (Okl.1973) (local church is bound to the national hierarchical church's constitution and its judicatory's decisions without regard to the trust aspects of the situation).

 The only other constitutionally-approved rule for resolving hierarchical church property disputes requires application of "neutral principles" of law to decide the controversy. The formal title doctrine appears to be the only recognized example of a neutral principle. It involves simply identifying the title holder of the property. *See Presbyterian Church v. Eastern Heights Presbyterian Church*, 225 Ga. 259, 167 S.E.2d 658 (1969), *cert. denied sub nom. Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 396 U.S. 1041, 90 S.Ct. 680, 24 L.Ed.2d 685 (1970); *Merryman v. Price*, 147 Ind.App. 295, 259 N.E.2d 883 (1970), *cert. denied*, 404 U.S. 852, 92 S.Ct. 89, 30 L.Ed.2d 92 (1970). The title holder can be ascertained by determining the grantee on the face of the deed. The equitable beneficiary is presumed to be grantee as "the 'formal title' theory does not allow for an inquiry of beneficial use other than that of title holder." McKeag, *supra*, 48 *Pa.B.A.Q.* at 287. *See also* Comment, "The Supreme Court, 1968 Term," *supra*, 83 *Harv.L.Rev.* at 129 ("The way in which states are likely to apply 'neutral principles' in church property disputes is by determining the location of formal title and awarding the property to the titleholder."). Here the title holder to the Valley View Villas Property is the International Church and as the deed presumably does not pro-

vide otherwise, the equitable beneficiary is legally presumed to be the International Church. Thus, the Paradise Hills Church has no legally cognizable claim to the Valley View Villas Property under the formal title doctrine.

A more liberal interpretation of neutral principles permits civil courts to examine not only deeds, but also reverter clauses and state corporation laws. *See Maryland and Virginia Eldership of Churches of God v. Church of God at Sharpsburg, Inc., supra* (Brennan, J., concurring). Presumably this view permits civil courts to examine the articles of incorporation and bylaws of a hierarchical church as well.

 Article XXI, Section B, Subsection (1), paragraph (a) of the Bylaws of the International Church provides that any property or equipment acquired by any Foursquare church by purchase or gift shall be taken and held in the name of the International Church of the Foursquare Gospel, but shall remain in possession of the acquiring church for its use. The acquiring church of the Valley View Villas Property is the Paradise Hills Foursquare Church. As no particular form of words is required to declare a trust, *see* Restatement (Second) Trusts § 24(2), it can be argued that this is a declaration of trust for the benefit of the Paradise Hills Foursquare Church. However, the bylaws and articles of incorporation of the International Church make clear that the beneficiary of any trust created by Article XXI of the Bylaws is a Foursquare church. Paradise Hills Church is not a Foursquare church and any derivative rights to the use of the Valley View Villas Property which the former members of the Paradise Hills Church had while members of the Paradise Hills Foursquare Church were extinguished upon renunciation of membership in that church. *See generally, Church of God in Christ, Inc. v. Cawthon*, 507 F.2d 599, 601 (5th Cir. 1975) (the reverend and his followers could withdraw from the national church and form an independent group, but when they did so, they relinquished their rights in and to the local

church property); *Britton v. Jackson*, 31 Ariz. 97, 102, 250 P. 763, 765 (1926) (those who choose to separate from a local church and form an independent church cannot take with them the trust property of the church). Moreover, even if Paradise Hills Church could assert the rights of the Paradise Hills Foursquare Church as equitable beneficiary, any equitable rights to the use of the property are qualified by additional bylaws which govern the administration of any trust created. In order to sell or otherwise dispose of property, the bylaws require not only a two-thirds majority vote of the church membership present at a properly called meeting, but also a written recommendation of the district supervisor and a written approval by the International Church's board of directors. *See* Articles of Incorporation and Bylaws of the International Church of the Foursquare Gospel, Bylaws Art. XXI, Sec. B, Subsec. (3).

As noted previously, no approval of a disposition of the property as requested by the plaintiff has been alleged by Paradise Hills Church. As such there is no legal basis for Paradise Hills Church to claim ownership of the Valley View Villas Property under a liberal interpretation of the "neutral principles" approach to resolving church property disputes. *See generally, Western Pennsylvania Conference of United Methodist Church v. Everson Evangelical Church*, 454 Pa. 434, 312 A.2d 35 (1973) (the Book of Discipline of the general, hierarchical church governed the rights to property held by the local congregation).

Under either the deference-to-church-authority or the neutral principles-formal title approach, the plaintiff cannot claim to be the owner in fee of the Valley View Villas Property. Because the Paradise Hills Church has raised no genuine issue of material fact as to the appropriateness of applying either the deference-to-church-authority rule or neutral principles of law-formal title doctrine, such as fraudulent misrepresentation or nondisclosure, the International Church is entitled to summary judgment as a matter of law against the plaintiff on those claims alleging a right to exclusive ownership of the Valley View Villas Property and the personal property located thereon.

■ Paradise Hills Church has moved for summary judgment on Count One which prays for reformation of the deeds conveying the Wilson Property to the International Church. The basis for reformation is the equitable doctrine of mutual mistake. Generally, a written instrument is reformed only when both parties factually intend something other than that expressed in the instrument, or when one party was mistaken about the instrument's factual content and the other party kept silent, or when one party was mistaken about the instrument's factual content because of the other party's fraudulent conduct. *See* 6 Powell on Real Property ¶ 903 (1977).

■ The plaintiff does not allege that the International Church as grantee was mistaken as to whom the Wilsons intended to grant the property in question. Thus, there is no mutual mistake. Whatever mistake Reverend May made is irrelevant as no basis has been alleged to conclude that she had authority to act as an agent of the International Church for purposes of accepting delivery of the deed. The fact that the board of directors which is authorized to accept the deed has not done so is also irrelevant, because acceptance is presumed absent evidence indicating to the contrary. *See, e. g., Belli v. Bonavia*, 167 Cal.App.2d 275, 334 P.2d 196, 199–200 (1959); 6 Powell on Real Property ¶ 901 (1977).

The plaintiff, further, has not alleged that the defendant knew of any mistake the Wilsons made about conveying the property, or acted fraudulently to bring about the mistake the Wilsons purportedly made. Finally, even if there were a mistake, it would appear to be a mistake of law as to the legal consequences of conveying title to the International Church. Mistakes as to the legal consequences of an action do not justify reformation. *See Nussbaumer v. Superior Court*, 107 Ariz. 504, 507, 489 P.2d 843, 846 (1971); 6 Powell on Real Property ¶ 903 at 268.08 n.8 (1977). Because there is no mutual mistake of fact alleged, or evidence

**364**

that the International Church had any knowledge of the mistake that the Wilsons allegedly committed at the time of the conveyance or that the International Church engaged in fraudulent conduct which resulted in the alleged mistake, Paradise Hills Church is not entitled to summary judgment on Count One as a matter of law. Therefore,

IT IS ORDERED:

1. Plaintiff's motion for continuing the hearing of defendant's motion for summary judgment is denied.

2. Defendant's motion for summary judgment against plaintiff on Counts Three, Four, Six and part of Counts Seven, Eight, Nine and Ten as they pertain to the Valley View Villas Property of the plaintiff's amended complaint is granted.

3. Plaintiff's motion for summary judgment against the defendant on Count One of its amended complaint is denied.

4. The order of this Court dated January 9, 1979, scheduling trial of the issue of the parties' claims to possession of the Valley View Villas Property and Wilson Property for March 13, 1979, is vacated.