Pilgrim Holiness Church *v.* Pilgrim Holiness Church of Athens Township et al., Appellants.

Argued May 7, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

240 

*L. Reece Trimmer,* for appellants.

*Michael J. DeSisti,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 11, 1969:

The Pilgrim Holiness Church of Athens Township, Bradford County (Athens Church) was incorporated as a nonprofit corporation with the approval of and by order of the Court of Common Pleas of Bradford County on November 1, 1937. Thereafter, real estate was acquired in the name of Pilgrim Holiness Church of Athens Township, Inc., upon which a church was constructed and wherein its members continued to worship throughout the years.

In the Articles of Incorporation, the purposes of the Athens Church corporation were set forth as follows: "3. The purposes for which the corporation is formed is to support and maintain the worship of God as a congregation of the Pilgrim Holiness Church believers associated by covenants in the faith and fellowship of the gospel; observing the ordinances of Christ; governed by His laws; and exercising the gifts, rights, and privileges invested in them by His word, according to the tenets and doctrine of the Pilgrim Holiness Church of Indianapolis, Indiana."

From its begining until October, 1967, the members of Athens Church practiced the worship of God in accordance with the tenets and doctrine of the Pilgrim Holiness Church of Indianapolis, Indiana (Indianapolis Church). In June, 1967, Indianapolis Church voted to merge with the Wesleyan Methodist Church of Ameri-

ca in the International Conference. A majority of the members of the congregation of Athens Church opposed this merger and as a result the members of the Athens Church corporation passed a resolution on October 14, 1967, expressing their wish and intention to dissolve their affiliation with Indianapolis Church and to become affiliated with the Pilgrim Holiness Church of New York. To legally effectuate this new affiliation, Paragraph 18 of the Bylaws of the corporation was amended to read as follows: "18. This Corporation is, and is intended to be, the arm of the Church Congregation of the Pilgrim Holiness Church of Sayre, Pennsylvania, and shall do no act or thing contrary to the will of such Church Congregation. It is further an affiliated member of the Pilgrim Holiness Church of New York, Inc."

When the pastor of Athens Church and some of its members proceeded to follow through with this new affiliation, representatives of Indianapolis Church attempted to take possession and physical control of the Athens Church property. When these efforts were successfully resisted, this action in equity was instituted by the Indianapolis Church corporation[1] to gain possession and control. The named defendants were Athens Church, the pastor and the Board of Trustees. After the pleadings were closed, the court below entered judgment on the pleadings in favor of the plaintiffs and filed a decree directing the defendants to "deliver" all of the Athens Church property to Indianapolis Church and its members and to execute any documents necessary to effectuate this transfer. The defendants appealed.

It is unquestionably generally correct that if a church organization is organized and holds its prop-

---

[1] Two individual members of Athens Church also joined in bringing the action.

erty as a constituent part of any particular religious denomination, it cannot sever itself from such religious denomination without forfeiting its rights and property to the parent denomination. *Gabster v. Mesaros,* 422 Pa. 116, 220 A. 2d 639 (1966), and *Canovaro v. Brothers of The Order of Hermits of St. Augustine,* 326 Pa. 76, 191 A. 140 (1937). However, this is so only where the denomination is hierarchically governed and the congregation is an organic part of the denomination and so subject to its discipline. If the denomination is Congregational in polity[2] (and there are no use limitations of the church property in the charter or deed), then the general rule before stated does not apply. See *First Regular Baptist Church v. Allison,* 304 Pa. 1, 154 A. 913 (1931). Cf. also, *Malanchuk v. St. Mary's Greek Catholic Church,* 336 Pa. 385, 9 A. 2d 350 (1939), and Judicial Intervention in Disputes Over The Use of Church Property, 75 Harv. L. Rev., 1142 et seq.

In the instant case the pleadings do not clearly establish that Indianapolis Church is hierarchically governed, or that Athens Church is subject to its discipline. The learned lower court, therefore, erred in

---

[2] There are three recognized categories of church polity in the United States in respect of ecclesiastical government. (1) Prelatical, which includes the Roman Catholic and Russian Orthodox Churches in which each subordinate unit is controlled by an ascending order of individual dignitaries; (2) Denominational, which is typified by the ecclesiastical government of the Presbyterian Church, in which there are in regular succession, the Presbytery over the session or local church, The Synod over the Presbytery, and the General Assembly over all; and (3) Congregational, which includes, inter alia, the Baptists and the Churches of God, in which the prevailing rule is complete autonomy and independence of denominational authority in the local congregation. Cf. Schaver, The Polity of Churches (1947); and Mead, Handbook of Denominations in the United States (1956). See also, *Bunnell v. Creacy,* Ky., 266 S.W. 2d 98 (1954).

entering the decree aforesaid, before these crucial facts were determined. It is fundamental that judgment on the pleadings should be entered only where the right is clear and free from doubt. *Hammermill Paper Company v. Rust Engineering Company,* 430 Pa. 365, 243 A. 2d 389 (1968), and *Aughenbaugh v. North American Refractories Company,* 426 Pa. 211, 231 A. 2d 173 (1967).

We indicate no decision on the merits of the controversy. We merely rule that the pleadings in themselves do not establish sufficient facts to justify a final judgment. Nor do we reach the question of whether the Charter legally limits the use of the Athens Church property for religious practice in accordance with the tenets and doctrine of the Pilgrim Holiness Church of Indianapolis. But see, *First Regular Baptist Church v. Allison,* supra.

Decree vacated and record remanded for further proceedings consonant with this opinion. Each party to pay own costs.

Mr. Justice POMEROY concurs in the result.

Mr. Justice ROBERTS dissents for the reasons set forth in *St. John Chrysostom Greek Catholic Church v. Elko,* 436 Pa. 243.