## Erie Conference Central Office, The United Methodist Church *v.* Burdick et al., Appellants.

Argued March 18, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George B. Angell,* with him *Angell and Angell,* for appellants.

*Murray R. Garber,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1970:

This is an action in equity involving a church property dispute. Throughout the proceedings, the following facts have never been disputed.

138

The Evangelical United Brethren Church of Sawyer (Sawyer Church), Sawyer City, Foster Township, McKean County, Pennsylvania, an unincorporated association, was formed as part of a national church organization with member churches throughout the United States of America, known as the Evangelical United Brethren Church (E.U.B. Church), and as such subscribed to the doctrine, jurisdiction and theological control of the parent church.

The discipline of the E.U.B. Church provided in pertinent part that all real estate owned or acquired by a local church "shall be kept and maintained . . . subject to the doctrines, laws, usages and ministerial appointments" of the parent church.

By deeds dated October 12, 1956, and September 17, 1964, certain lands in the Township of Foster were conveyed to the trustees of Sawyer Church, and structures to be used as a church and a parsonage were subsequently constructed thereon. The deeds of conveyance contained substantially identical trust clauses, one of which follows: "In trust, that said premises shall be kept and maintained as a place of worship for the use of The Sawyer Church of the Evangelical United Brethren Church at Sawyer City, Pa., subject to the doctrines, laws, usages, and ministerial appointments of The Evangelical United Brethren Church as from time to time established, made and declared by the lawful authority of said Church, with the right to sell or encumber, subject to the Discipline of the Evangelical United Brethren Church, and the laws of the State, Province, or Country, and if said property be sold or encumbered, the proceeds of the sale or encumbrance shall be applied to the use of the aforesaid Church, subject, however, to the provisions of the laws of the Evangelical United Brethren Church relating to the sale and encumbrance of houses of worship and their premises

there being no obligation on the part of any purchaser to see to the application of the purchase money."

At the annual conference of the E.U.B. Church in 1966 and in 1967, attended by ministers and lay representatives of each member church a majority of more than two-thirds voted approval of uniting or merging with the Methodist Church, another church organization of national dimension. This merger was later finalized at a uniting conference of the two organizations. Under the plan of merger, the new denomination was to be known as the United Methodist Church, which would thereafter exercise jurisdiction over all local churches of the two uniting national churches.

A number of parishioners of Sawyer Church, its pastor and a majority of its trustees refused to recognize the merger or submit to the jurisdiction of the United Methodist Church. The property of Sawyer Church was seized by the individual defendants on behalf of the local congregation, and a pastor assigned by the United Methodist Church to serve Sawyer Church was denied recognition and access to the church property.

The present action was instituted by the United Methodist Church through one of its corporate entities against the pastor and trustees of Sawyer Church to gain possession and control of the Sawyer Church property. After an extended hearing, the chancellor entered an adjudication and decree nisi in favor of the plaintiff. Exceptions thereto were later dismissed, and a final decree was entered. The defendants appealed.

It is not now nor has it ever been disputed that Sawyer Church was founded as a component part of the E.U.B. Church, and held its property in trust subject to the discipline of that church. And it has long been established in Pennsylvania that, when a church is organized and holds its property as a constituent

part of a hierarchically governed denomination, it cannot sever itself from such religious denomination without forfeiting its property to the parent denomination. See *Pilgrim Holiness Church v. Pilgrim Holiness Church of Athens Twp.*, 436 Pa. 239, 259 A. 2d 870 (1969), and cases cited therein. However, the defendants-appellants contend that the E.U.B. Church has gone out of existence as a legal entity due to the merger and has also departed substantially from the faith and doctrine of the original denomination; hence, the local congregation "should be released from the trust contract with the denomination," i.e., the E.U.B. Church. We cannot agree.

Under the First Amendment to the United States Constitution, civil courts may not inquire into or resolve ecclesiastical questions. *Presbyterian Church in the United States v. Mary Elizabeth Hull Memorial Presbyterian Church,* 393 U.S. 440, 89 S. Ct. 601 (1969). See also, *St. John Chrysostom Greek Catholic Church of Pittsburgh v. Elko,* 436 Pa. 243, 259 A. 2d 419 (1969), cert. denied, 399 U.S. 920, 90 S. Ct. 2258 (1970). This proscription clearly embraces the issue of departure-from-doctrine[1] which is asserted in this case, and precluded any review of the merger decisions of the religious bodies involved. This being so, as a matter of property law, the United Methodist Church succeeded to the rights vested in the E.U.B. Church under the trust contract with Sawyer Church. See and compare, *Appeal of Ramsey,* 88 Pa. 60 (1878); *Trustees of the Lutheran Congregation of Pine Hill v. St. Michael's Evangelical Church,* 48 Pa. 20 (1864); *McGinnis v. Watson,* 41 Pa. 9 (1862).

Decree affirmed, each side to pay own costs.

---

[1] The learned court below mistakenly considered this question and, on the basis of substantial evidence, concluded there was no serious change in doctrine, theology or practice resulting from the merger.