## Reed v. Borough of Upland

*James E. Del Bello,* for plaintiff.

*John Churchman Smith,* for defendant.

*John H. Clark, Jr.,* for additional defendant.

REED, J., July 29, 1971.—Plaintiff filed a complaint against defendant Borough of Upland on October 31, 1968, alleging injuries sustained on October 31, 1966, while working in an excavation as a laborer for Engineering Services and Construction Company under contract with the borough defendant. Defendant borough filed an answer and alleged via new matter that plaintiff failed to give the municipality notice of the claim within six months of the date of the injury as prescribed by Act of July 1, 1937, P. L. 2457, 53 PS §5301. Defendant admitted failure to give notice, alleging ignorance of the statute. Defendant borough filed a motion for judgment on the pleadings for failure to give notice. By opinion and order to the same term and number dated November 17, 1969, we denied the motion because defendant failed to prove that the failure to give notice created undue hardship upon it, which is prerequisite to barring plaintiff's claim: Yurechko v. Allegheny County, 430 Pa. 325, 243 A.2d 372, (1968).

Defendant borough then joined as an additional defendant Engineering Services and Construction Company, plaintiff's employer. Defendant company answered denying liability to plaintiff on the basis of payment under the Pennsylvania Workman's Compensation Act of June 2, 1915, P. L. 736, as amended 77 PS §1, et seq.

Defendant borough filed a motion for summary judgment against plaintiff, attaching an affidavit signed by the secretary of the borough alleging that failure to give notice within the six-month period made it "virtually impossible" for the borough to inves-

tigate the circumstances surrounding the accident, and the borough was not able to obtain an examination of plaintiff by a physician of its own choice to determine the relationship of the claimed injuries to the accident.

The construction company, additional defendant, also filed a motion for summary judgment on the ground that if summary judgment is granted for defendant borough, then any claim plaintiff might have against it is barred by the Workman's Compensation Act, supra, and the whole action then would fail and additional defendant be relieved. In view of this fact, the motion of additional defendant being secondary, it was not pressed, awaiting determination of defendant borough's motion.

Therefore, the sole issue for determination is whether the record in its present state will support defendant borough's motion for summary judgment.

A summary judgment can be granted only where the pleadings or record present a case clear and free from doubt, and any inference or doubt must be resolved against entry of the judgment: Pilgrim Holiness Church v. Pilgrim Holiness Church of Athens Township et al., 436 Pa. 239, 259 A.2d 870 (1969); Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A.2d 841, (1968).

The affidavit of the borough secretary, in short, sets forth the following:

Notice was received by the Township on November 11, 1968, by service of Plaintiff's Complaint. The excavation involved was the installation of a sewer line which was filled in on about December 2, 1966. Due to lapse of time between the accident and notice an investigation could not be conducted into the condition of the excavation as it existed at the time of the accident. It would be virtually impossible to conduct

an investigation into circumstances surrounding the collapse, after two years. Had the Borough been properly notified steps may have been taken to obtain identity of witnesses. Any attempt to locate witnesses after two years would have been futile with regard to the location of witnesses and validity of any recollection. Because of lapse of time the Borough was prejudiced by not being able to obtain a medical examination by a physician of its own choosing.

This affidavit states that no investigation has been conducted, despite the fact that suit was filed over two and one-half years ago. The statements contained in the affidavit are conclusions of fact unsupported by any basic facts.

We note that the excavation was filled-in approximately one month after the accident. The plaintiff still had five months in which to notify the borough of his claim, and the borough would have faced the same inability to examine the excavation.

In Yurechko, supra, involving a claim filed against a municipality one year and nine months after plaintiff's motorcycle struck a pot hole on a county road, the Supreme Court stated, at page 335:

"There is not an iota of testimony whether an investigation was then attempted (date of filing notice) by the proper municipal authorities nor any testimony of *any actual insurmountable difficulties* that faced the County in delving into the circumstances of this claim." (Italics supplied.)

The record as it stands is unclear, if not void, of the factual basis for a claim of undue hardship created by failure to give the notice. To hold otherwise would create a presumption of hardship because of delay. As we stated in our opinion of November 17, 1969, this presumption does not exist.

The borough is not precluded, however, from pre-

senting this issue by competent evidence prior to trial. The question remains as one of law and fact for pretrial judicial determination. We only decide that on the record a summary judgment cannot be entered.

The status of additional defendant's motion is resolved for now by our ruling on defendant's motion, but it should be allowed to be raised again if the matter so develops.

## ORDER

And now, July 29, 1971, defendant's motion for summary judgment is denied. Additional defendant's motion for summary judgment is, however, denied, without prejudice to additional defendant.