## Penn-Delco Union School District Authority v. M. & L. Construction Co.

*Robert J. Carney, Jr.,* for plaintiff.
*Robert E. J. Curran,* for defendant.

REED, JR., J., July 25, 1972.—Plaintiff, school authority, on October 13, 1958, entered into a contract for the erection and construction of a new school building. Defendant, construction company, was general contractor, with defendant, Aetna Casualty and Surety Company, as surety on their bond. The work was completed in September 1959, and final payment made to defendant under the contract on May 23, 1961.

The record leaves no doubt that the roof caused continuous leakage problems commencing sometime after final payment, becoming severe in 1964.

On October 22, 1968, seven years, five months after final payment and accpetance of the work, plaintiff commenced this action in assumpsit to recover $29,241 in damages caused by defendant's failure to construct the roof according to specifications and in a workmanlike and proper manner.

Defendant answered plaintiff's complaint, and pleaded by new matter the affirmative defense of the bar of the statute of limitations, mandating that all actions in contract be commenced within six years after the cause of action arose: Act of March 27, 1713, 1 Sm. Laws 76, sec. 1, 12 PS §31. To this, plaintiff pleaded tolling of the statute by alleging fraudulent concealment of defective and improper roof construction.

The record consists of these pleadings together with interrogatories, depositions and affidavits from both parties. Defendant on this record moves for summary

judgment. Therefore, the issue now before us is simply stated:

Does this record clearly and without doubt establish that defendant did not fraudulently conceal defective or improper construction of the roof, thereby entitling defendant to have plaintiff's action barred by the statute of limitations.

A motion for summary judgment will be granted on a record which presents no genuine issue of material fact, and upon which the moving party is entitled to judgment as a matter of law: Pennsylvania Rule of Civil Procedure 1035(b). The record must be considered in light most favorable to the party against whom summary judgment is sought, and any doubts resolved against the grant of summary judgment: Pilgrim Holiness Church v. Pilgrim Holiness Church of Athens Township, 436 Pa. 239, 259 A. 2d 870 (1969). We consider this record with these principles in mind. We note that while the existence of faulty, even unconforming construction makes out a cause in assumpsit, it will not extend or toll plaintiff's duty to bring his action within the statute of limitations unless he also shows that the existence of these factors was fraudulently concealed from plaintiff.

The law imposes a duty upon one who brings a cause of action to have used all reasonable diligence to ascertain the facts and to bring suit promptly, and nothing short of defendant's fraud or concealment or those essential facts from plaintiff will operate to relieve plaintiff from his duty, and estop defendant from asserting the bar of the statute. Mere mistake, misunderstanding or lack of knowledge is not sufficient; there must be fraud: Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963).

Plaintiff alleges that the defects in the roof were inside the body of the roof, not visible to reasonable

inspection, until, in August of 1967, plaintiff had a section of the roof cut out to expose its substructure. Essentially, the defect was substitution of wooden cants for specified gypsum cants, and improper installation of metal flashing and drainage blocks. Plaintiff, nevertheless, knew of trouble with the roof because it consistently leaked down into and onto the interior walls of the building, but plaintiff alleges that defendant's subcontractor repeatedly came to fix the roof through the six years of the statute, always misleading plaintiff into believing other unspecified factors were the cause.

Defendant requested of plaintiff by interrogatory the names of the persons supplying the basis for the allegations of fraud and deliberate concealment. Two names were supplied.

Mr. Harold Mays, plaintiff's resident engineer, then stated by deposition that he supervised the contract to assure the construction was according to plans and specifications. He went on to say that a brick strike necessitated a modification in the specifications and wood cants were substituted for poured gypsum cants; and this was known to the architect and plaintiff. He further stated that he did regularly inspect construction of the roof, and that he was afforded time to inspect by defendant, and all without noting any deficiencies.

The other person referred to, a Mr. Allenback, plaintiff's project manager, even after search of available records had no meaningful recollection on the subject.

Plaintiff's depositions of defendant's superintendent, William George, and defendant's project engineer, Harry Rumbarger, establish that neither one knew of any defects in material or construction of the roof.

At this point, the depositions rather clearly fail to support any allegations of fraud or concealment, but, quite the contrary, support absence of it.

However, plaintiff goes on to offer affidavits of three qualified persons, who were present when the roof was cut open. Each swears that defective construction was revealed, but of such nature as to be undiscoverable until the roof was opened; in other words, that the roof contained "latent defects."

Although two other affidavits were offered by plaintiff, they are not pressed by plaintiff, and are no more than cumulative of allegations or statements already in the record, but not controlling of the issue before us. We need not deal with them.

The point raised by the three pertinent affidavits is whether or not plaintiff has perhaps the theory of "latent defect," which is contrary to his theory of fraud and concealment alleged in his complaint.

A latent defect is one which was not known nor discoverable by reasonable inspection: Blacks Law Dictionary Revised, 4th Ed., page 1026. This theory must fail by definition, for plaintiff was amply and fully aware of a defect in the roof because it leaked and that severely at times, but generally consistently over the years.

We are compelled to conclude, principally from plaintiff's own witnesses, that plaintiff was on notice of faulty construction in the roof by its constant leakage, and, furthermore, plaintiff's own witnesses do not support the allegation of fraud or concealment of defective construction.

The final resolving question is not what plaintiff actually knew of the specific cause of the damage, but rather, with the information he had, what should he have ascertained by the exercise of the diligence the law requires: Avers v. Morgan 397 Pa. 282, 154 A. 2d 788 (1959).

Confronted with the knowledge of the leakage, con-

tinual unavailing repairing, and imputed knowledge from plaintiff's engineer that the specifications were changed, plaintiff could only conclude that the roof was not constructed properly for some unspecified failure in construction or workmanship. Whereupon, good sense and ordinary reason, which is the diligence imposed, required that he pursue the problem to its source, and especially since he knew the statute was running. He could not sit by and wait until it was too late. It is to prevent this and timely resolve litigation that the statute of limitations exists.

Plaintiff also raises in supplemental brief an allegation that the contract was under seal, and, therefore, the statute of limitations does not apply.

Even assuming this issue had been properly raised by the pleadings, this argument is without merit. An examination of the contract attached to the complaint reveals that the instrument is only authenticated with plaintiff authority's seal and the corporate seal of defendant, not legally sealed. The agreement contains no other seals than these authentication seals, required of corporate bodies to bind them on contracts of this nature. An authentication seal does not make the instrument a specialty taking it outside the statute of limitations: Coleman v. Pittsburgh Coal Company, 158 Pa. Superior Ct. 81, 43 A. 2d 540 (1945).

We find that there is no genuine issue of any material fact which bears on the application of the statute of limitations, and the statute legally applies to require summary judgment be entered for defendants.

## ORDER

And now, to wit, July 25, 1972, it is hereby ordered and decreed that defendant's motion for summary

judgment be and is hereby granted. Judgment is directed to be entered in favor of defendant, M & L Construction Company, Incorporated, and the Aetna Casualty and Surety Company.