## Appleton v. Scranton Parking Authority

Before Robinson, P. J., Conaboy, Kosik and Walsh, JJ.

*Joseph A. Murphy,* of *Lenahan, Dempsey & McDonald,* for plaintiff.

*Thomas P. Kennedy,* for defendant.

ROBINSON, P. J., February 14, 1973.—This is a motion by defendant for judgment on the pleadings.

Plaintiff sued to recover the value of his automobile which was stolen from defendant's parking facility where it had been parked by plaintiff's son. Plaintiff's cause of action has its basis in section 302(b), comment (e) of the Restatement 2d, Torts, and he alleges that defendant permitted unauthorized persons to frequent the facility and engage in criminal conduct thereon by tampering with and removing vehicles parked therein which resulted in an unreasonable risk of harm to plaintiff's property and that, thereby, defendant was negligent in an assumed duty to protect plaintiff's property.

The motion for judgment is predicated upon an alleged "release" printed upon a receipt which was delivered to the plaintiff's son by a ticket dispensing machine at the entrance to the parking facility. Defendant contends that plaintiff's claim is barred by the release which is in the following language:

"Car owner, by accepting this check, agrees that the management is leasing him space and is not a bailee of his automobile or its contents and is not responsible for any loss or damage by fire, theft or any other cause to any automobile or part thereof or the contents of any automobile on its premises."

Taylor v. Philadelphia Parking Authority, 398 Pa. 9, recognized that present-day parking facilities are likely to give rise to two principal classes of legal relationships, one being a mere lease of parking space with no delivery to the parking facility involved, the other constituting a bailment where the facility has an obligation to redeliver the vehicle with responsibility for loss or damage thereto. Defendant here obviously intended, by the language of the ticket, to (1) negative the bailment relationship, and (2) disclaim responsibility for loss or damage by fire, theft or other causes. Since plaintiff does not rest his claim on any theory of bailment, that part of the alleged release is irrelevant here and we consider only whether plaintiff is barred from recovery because of defendant's negligence. We think not for several quite persuasive reasons.

1. We cannot understand how plaintiff can be bound by the release here pleaded. In Sparrow v. Airport Parking Company of America, 221 Pa. Superior Ct. 32, the court said of the relationship between the parker and the facility operator:

"A driver, by approaching the entrance to appellee's lot and its ticket vending machine, makes an offer to contract for permission to park in the lot at the posted rate per unit of time. The vending machine's issuance of a ticket is an acceptance of the driver's offer, and a contract is therefore created."

But where the ticket contains a writing which alters the usual contractual circumstances of the relation-

ship such as the inclusion of a release, the issuance of a ticket is not an acceptance of the driver's offer but is, in effect, a counter-offer. Furthermore, it is to be noted that the alleged release does not run from the driver but from the owner of the vehicle. Since plaintiff was not connected with the parking of the car by his son and could not be bound, on the present record, by his act, plaintiff-owner is not bound by the release.

2. Exculpatory clauses in leases or other instruments which release a party in advance for negligent acts or omissions are generally valid if qualifying conditions are properly met. Such a clause is valid if (a) it does not contravene any policy of the law, that is if it is not a matter of interest to the public or State; (b) the contract is between persons relating entirely to their own private affairs; and (c) each party is a free bargaining agent and the clause is not in effect a mere contract of adhesion, where one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely. See Kotwasinski v. Rasner, 436 Pa. 32; Dilks v. Flohr Chevrolet, 411 Pa. 425; Employers Liability Assurance Corporation, Ltd. v. Greenville Business Men's Association, 423 Pa. 288; Warren City Lines, Inc. v. United Refining Co., 220 Pa. Superior Ct. 308.

It is readily apparent from the pleading that the release in this case does not meet the test of validity laid down by the appellate courts. Plaintiff here is not a party to the release and the same is clearly a contract of adhesion condemned by the validity requirements of the law. A party to an instrument, such as is relied upon by defendant, cannot in any sense be considered to be a free bargaining agent; no one can bargain with a ticket vending machine and a parking customer has no choice but to accept the document which he is powerless to alter or reject the arrangement altogether.

Generally also, the customer is under physical restraint since he cannot stop to read the terms printed on the receipt, nor can he withdraw from the facility but must continue as directed to the parking area. A customer whose attention is so directed between the operating of his vehicle and legal matters of some complexity cannot be said to possess a free bargaining status.

3. In addition to the requirements for the validity of an exculpatory clause, certain standards have been established which must be met before the provisions may be interpreted and construed to bar an action. See Dilks v. Flohr Chevrolet, supra, 411 Pa. 425. These standards require: (1) that contracts providing for immunity from negligence must be strictly construed since they are not favored by the law; (2) the intentions of the parties must be spelled out with the greatest particularity and show the intent to release from liability "beyond doubt by express stipulation and no inference from words can establish it"; (3) such contract must be construed against defendant seeking the immunity; and (4) the burden is upon the party asserting immunity to establish it. See King v. United States Steel Corp., 432 Pa. 140, note, 143; Kotwasinski v. Rasner, supra, 436 Pa. 32; Dilks v. Flohr Chevrolet, supra, 411 Pa. 425. As the exculpatory clause here pleaded does not with the greatest particularity show beyond doubt by express stipulation that plaintiff, or anyone else, agreed to release defendant from liability for its own negligence, it cannot serve to bar this suit. Pennsylvania has consistently refused to recognize exculpatory clauses which release a person from liability for his own or his servant's negligence: Downs v. Sley System Garages, 129 Pa. Superior Ct. 68; Wendt v. Sley System Garages, 124 Pa. Superior Ct. 224. We do not believe that the exculpatory clauses before us

would release defendant from liability here even though the parking contract was made directly with plaintiff rather than his son.

The motion for judgment on the pleadings is not well taken. In such motion all well-pleaded facts of the adversary must be taken as true (Engel v. Parkway Company, 439 Pa. 559), and judgment may not be entered in such instances unless the right thereto is clear and free from doubt: Pilgrim Holiness Church v. Pilgrim Holiness Church of Athens Township, 436 Pa. 239. On these pleadings, the alleged release cannot serve to bar plaintiff's recovery.

Now, February 14, 1973, motion for judgment on the pleadings is denied. Exception is allowed defendant.